*886 OPINION.
MaRqtjette:
The petitioner contends that the amount of $174,100 deposited with the petitioner by G. A. Wilson under the circum *887 stances set forth in the findings of fact, was intended by Wilson to remain permanently for the use of the petitioner, and should be considered as part of and included in its invested capital for the years 1919 and 1920. We can not agree with this contention. Invested capital under the Revenue Act of 1918, which was in force during the years 1919 and 1920, meant: (1) Actual cash bona fide paid in for stock or shares; (2) actual cash value of tangible property, other than cash bona fide paid in for stock or shares; (3) paid in or earned surplus and undivided profits; (4) intangible property bona fide paid in for stock or shares, subject to certain limitations. The deposit made by Wilson with the petitioner does not fall within any of the classes named. Notwithstanding what Wilson may have intended when he transferred the notes, the fact is that they and the proceeds thereof were carried and remained as a deposit standing in his name which he could have withdrawn at any time. Neither the notes nor the money belonged to the petitioner. It may be that as between Wilson and the bank or banks to which he specifically represented that he did not intend to withdraw the deposit, he would be estopped from claiming the right to withdraw it, but as to all other persons or corporations he would stand on the same footing as any other of the petitioner’s depositors. The petitioner cites several court decisions in support of its contention but they are so obviously not in point that we do not deem it necessary to discuss them.
Judgment vMl be entered for the respondent on 15 days’ notice, u/nderr Rule 50.
Considered by Phillips, Milliken, and Yah Fossan.